[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13911
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:08-cr-20250-CMA-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ELIEZER LAZO-MARTINEZ,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 12, 2012)

Before BARKETT, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Eliezer Lazo-Martinez appeals the 24-month sentence imposed after the revocation of his supervised release. Martinez argues that the sentencing court erred by failing to consider the Guidelines range for the offense and relying on unsubstantiated allegations to calculate his sentence.

I.

In 2008, Lazo-Martinez pled guilty to conspiring to smuggle aliens into the United States, in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(1). He was sentenced to 18 months in prison, to be followed by two years of supervised release. After completing his sentence of imprisonment, Lazo-Martinez began serving his supervised release on July 2, 2009.

On July 14, 2010, Lazo-Martinez and Pedro Luis Blanco Veldes were found about fifty miles south of Key Largo, Florida, captaining a boat that had been reported as missing from its dock in Key Largo earlier in the day. Lazo-Martinez and Veldes maintained that they had purchased the boat—valued at about $80,000—for $10,000 from an unknown man in a truck. Lazo-Martinez was arrested for the state crimes of grand theft and dealing in stolen property. Six days later, Lazo-Martinez's parole officer filed a petition charging Lazo-Martinez with two violations of his supervised release. The district court granted the petition and ordered that an arrest warrant be issued for Lazo-Martinez.

On August 9, 2011, the district court held a revocation hearing during which Lazo-Martinez pled guilty to committing the Florida offense of grand theft and thereby violating the terms of his supervised release. During the hearing, the prosecutor claimed that Lazo-Martinez had obtained the boat in order to smuggle aliens, going "straight back to what he was doing before, which is alien smuggling." Based on this alleged recidivist behavior, the prosecutor requested that the court impose a sentence of two years—the statutory maximum. Other than the circumstantial evidence that Lazo-Martinez was in a south-bound boat stocked with a large quantity of fuel, no factual support was offered for the accusation that Lazo-Martinez had been engaged in alien smuggling.

Lazo-Martinez objected to the government's comments about potential alien smuggling and requested that the district court disregard "the government's speculation" and confine its consideration to "the evidence before [the court]." Lazo-Martinez also contended that the purpose of his boat trip was to visit his ill mother in Cuba. He concluded by admitting responsibility for the violation and requesting a sentence of eight-to-nine months of imprisonment.

The district court decided that Lazo-Martinez merited a "serious sentence" because he had stolen a vessel and was attempting to commit an offense "similar" to his original offense. The court then revoked Lazo-Martinez's supervised

3

release and imposed a sentence of two years of imprisonment. Following imposition of the sentence, the district court solicited objections to its findings or the manner in which the sentence had been announced. Lazo-Martinez replied: "As to the sentence, Judge, we object that it's unduly harsh." During the revocation hearing, neither party nor the district court made reference to the Sentencing Guidelines or stated the advisory Guidelines range for the offense, which was four-to-ten months of imprisonment.

## II.

We review the sentence a district court imposed after revocation of supervised release for reasonableness. *United States v. Velasquez*, 524 F.3d 1248, 1252 (11th Cir. 2008) (per curiam). Our reasonableness review of the sentence a district court imposes consists of two parts. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). First, we examine whether the sentence is procedurally reasonable. *See Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). If we find that the sentence is procedurally reasonable, we then consider whether the sentence is substantively reasonable. *Id.*

In our review of the procedural reasonableness of a sentence, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines

as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id.* The district court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Id.* at 50, 128 S. Ct. at 597. "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

We generally review the reasonableness of a sentence under an abuse-of-discretion standard. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (citation omitted), *cert. denied*, 131 S. Ct. 1813 (2011). However, when a party raises an objection for the first time on appeal, his claim is subject to plain error review. *United States v. Gresham*, 325 F.3d 1262, 1265 (11th Cir. 2003).

III.

5

Lazo-Martinez first argues that the district court's calculation of his sentence was procedurally unreasonable because it relied heavily upon an erroneous fact—that he had been engaged in alien smuggling during the boat theft. During the revocation hearing, Lazo-Martinez expressed that he believed it to be improper to consider these allegations of alien smuggling during his sentencing and urged the judge to focus on the evidence of the case rather than the government's suppositions. The government contends that these statements during the hearing did not constitute a sufficient objection to the procedural reasonableness of the sentence imposed. Therefore, the government argues that plain error review should apply. However, "[t]he purpose of the plain error rule is to enforce the requirement that parties object to errors at trial in a timely manner so as to provide the trial judge an opportunity to avoid or correct any error, and thus avoid the costs of reversal." *United States v. Sorondo*, 845 F.2d 945, 948–49 (11th Cir. 1988). Because Lazo-Martinez's statements were sufficient to give the district court clear notice that he objected to the consideration of the alien smuggling allegations during his sentencing, we do not find plain error review to be appropriate. We will review this element of the procedural reasonableness of Lazo-Martinez's sentence under the abuse-of-discretion standard. *See Gonzalez*, 550 F.3d at 1324.

6

The district court made a finding of fact that Lazo-Martinez was "attempting to commit a similar offense to the one that [he] w[as] on supervision for." Given that the only offense for which Lazo-Martinez was on supervision was conspiracy to commit alien smuggling, the district court's finding of fact was undoubtedly that Lazo-Martinez was again attempting to engage in alien smuggling.

We may only set aside findings of facts that are clearly erroneous. Fed. R. Civ. P. 52(a); *United States v. Walker*, 490 F.3d 1282, 1299 (11th Cir. 2007). However, "[o]ur deference to the district court is not unlimited, . . . and we will hold a finding of fact clearly erroneous if the record lacks substantial evidence to support it." *Thelma C. Raley, Inc. v. Kleppe*, 867 F.2d 1326, 1328 (11th Cir. 1989) (per curiam). During the revocation hearing, there was evidence presented that Lazo-Martinez's original conviction involved alien smuggling by boat and that Lazo-Martinez was pleading guilty to theft of a boat. These were the only facts presented to support the government's assertion that Lazo-Martinez had stolen the boat in an attempt to engage in alien smuggling. At the close of the hearing, the district court made an unexplained finding that Lazo-Martinez had attempted to commit the crime of alien smuggling in conjunction with the boat theft. We find that this statement lacks substantial evidence to support it and therefore set it aside as clearly erroneous.

7

We must now determine whether reliance upon this erroneous factual finding rendered the calculation of Lazo-Martinez's sentence procedurally unreasonable. The district court provided very few justifications for the post-revocation sentence it imposed. First, it recited Lazo-Martinez's original offense and sentence. Then, the district court stated that Lazo-Martinez had stolen a vessel and had attempted to "commit a similar offense" to his original offense—alien smuggling. The court characterized the act as a "most serious offense" meriting a "serious sentence." Although it is unclear, it seems that the court's comment about a "serious offense" concerned the attempted alien smuggling, although it may have referenced the purported joint action of boat theft and alien smuggling. Regardless, it is evident that the court gave significant weight to its finding that Lazo-Martinez had been attempting alien smuggling again and that this was a major part of the court's justification for imposing a sentence equal to the statutory maximum. Because the court's factual finding was clearly erroneous, giving such significant weight to it was an abuse of discretion. *See Irey*, 612 F.3d at 1189.

## IV.

Lazo-Martinez also contends that the district court erred by failing to state the Guidelines range or reference the Guidelines at all during his revocation

8

hearing. We agree with Lazo-Martinez that failure to discuss the relevant Guidelines sentencing range was a significant procedural error. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. However, because Lazo-Martinez failed to object to this issue previously, we are confined to reviewing this claim under the plain error standard. *Gresham*, 325 F.3d at 1265. The plain error standard requires a showing not only that an error occurred that was plain under established law, but also that the plain error affected substantial rights and seriously affected the fairness of the judicial proceedings. *Id.* In order for an error to have affected substantial rights, it usually "must have affected the outcome of the district court proceedings." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993). "Normally . . . the defendant must make a specific showing of prejudice to satisfy the 'affecting substantial rights' prong . . . ." *Id.* at 735, 113 S. Ct. at 1778.

Lazo-Martinez's brief argues incorrectly for *de novo* review of his claim, and therefore fails to address the necessary elements of the plain error test. In the absence of any allegations of prejudice to his substantial rights, Lazo-Martinez does not make a proper showing of reversible plain error.

V.

Given the district court's procedural error in relying heavily upon an erroneous finding of fact, we vacate the sentence imposed and remand for re-

9

sentencing.

**VACATED AND REMANDED.**