[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13253
Non-Argument Calendar
_____

D.C. Docket No. 1:03-cr-00089-CB-C-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DONNIE JOE SINGLETON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 19, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Appellant Donnie Joe Singleton argues that his sentence is procedurally

unreasonable because the district court failed to consider the statutory sentencing

factors and relied upon a clearly erroneous fact in imposing his sentence. The United States maintains that the district court's decision was explicitly guided by the §3553(a) factors, and the court did not base its sentence on its belief that Singleton had committed a new offense. Upon careful review of the record and the parties' briefs, we affirm Singleton's sentence imposed for violation of his release.

I.

In 2003, Singleton pled guilty to receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A); possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); and receiving obscene matter, in violation of 18 U.S.C. § 1462. The district court sentenced him to a total of 33 months' imprisonment, to be served consecutively to a state-court sentence, and to be followed by three years of supervised release. After his release, on May 22, 2013, following a search of Singleton's residence and subsequent investigation, the Probation Office filed a petition to revoke Singleton's supervised release. According to the amended petition, two probation officers visited Singleton's home on April 10, 2013. When they asked Singleton whether his home had internet service and whether he used computers to access the internet, he said "no." The Probation Office confiscated his computers, which were analyzed and found to contain evidence of child exploitation and internet use. On May 24, 2013, Singleton was arrested and,

2

pursuant to a warrant, the government confiscated his laptop computers and other computer equipment.

The district court held a revocation hearing, analyzing the parties' requests for sentences, and noting that even if the computers belonged to Singleton's wife, he had been using them.  The district court judge imposed a 12-month sentence pursuant to 18 U.S.C. § 3583(e)(3), followed by 24 months of supervision. Singleton did not object to the sentence after it was imposed.

In his present appeal of  the 12-month sentence, Singleton argues that it is procedurally unreasonable because: (1) the district court failed to consider the statutory sentencing factors in 18 U.S.C. § 3553(a); and (2) the court relied on a clearly erroneous fact, namely, an unproven allegation that Singleton had committed a new child pornography or obscenity offense.

## II.

We generally review a sentence imposed upon revocation of supervised release for reasonableness, *see United States v. Sweeting*, 437 F.3d 1105, 1106–07 (11th Cir. 2006) (per curiam), reviewing the district court's findings of fact for clear error, and the application of the Sentencing Guidelines to those facts de novo, *see United States v. Pham*, 463 F.3d 1239, 1245 (11th Cir. 2006) (per curiam). However, when an alleged error is not raised in the district court, it is reviewed on appeal for plain error.  *See United States v. Rodriguez*, 627 F.3d 1372, 1380 (11th

Cir. 2010). To show plain error, a petitioner must show that: "(1) an error occurred; (2) the error was plain; (3) it affected [her] substantial rights; and (4) it seriously affected the fairness of the judicial proceedings." *Id.* (internal quotation marks omitted). Where the explicit language of a statute or rule does not directly resolve an issue, there can be no plain error without binding precedent resolving the issue. *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (per curiam). The party challenging the sentence bears the burden of showing that it was unreasonable. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam).

Upon determining that a defendant violated a condition of supervised release, the district court may revoke the term of supervision and impose a term of imprisonment after considering: (1) the applicable guideline range; (2) the nature and circumstances of the offense and the defendant's history and characteristics; (3) the need for the sentence imposed to afford adequate deterrence, protect the public, and effectively provide the defendant with needed training, medical care, or other correctional treatment; (4) the applicable Sentencing Commission policy statements; (5) the need to avoid unwarranted sentence disparities; and (6) the need to provide restitution. 18 U.S.C. §§ 3583(e); *see United States v. Campbell*, 473 F.3d 1345, 1348 (11th Cir. 2007) (per curiam).

In reviewing the procedural reasonableness of a sentence, we consider whether the district court failed to calculate or improperly calculated the guideline range. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). We also ensure that the district court treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Id.* While a sentencing court is not required to state that it explicitly has considered each of the § 3553(a) factors or discuss each factor, it should set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis for exercising its legal decision-making authority. *See United States v. Agbai*, 497 F.3d 1226, 1230 (11th Cir. 2007) (per curiam). The court's acknowledgment that it has considered the § 3553(a) factors together with the parties' arguments is sufficient. *Talley*, 431 F.3d at 786.

### III.

On appeal, Singleton does not challenge the calculation of his guideline range. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Also, because Singleton did not raise the arguments that he raises on appeal before the district court, they are reviewed for plain error. *See Rodriguez*, 627 F.3d at 1380.

With respect to his first argument, Singleton has not shown that the district court failed to consider the § 3553(a) factors. As this court has explained, the

district court is not required to state on the record that it explicitly considered each of the § 3553(a) factors. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2009). Moreover, the district court explicitly considered Singleton's applicable advisory guideline range, the circumstances of his violation, and the parties' arguments. The court considered the guideline range and maximum allowable sentencing, stating that it considered the "Chapter 7 provisions" of the Sentencing Guidelines, which include the § 3553(a) factors. *See* U.S.S.G. Ch. 7, Pt. B, intro. comment, (explaining that, "upon consideration of the factors set forth in 18 U.S.C. § 3553(a)," a court may impose imprisonment where a defendant has violated the conditions of his release); *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.

With respect to Singleton's second argument, it does appear that the district court implied that a new criminal offense was present. Although Singleton admitted the violations alleged in the revocation petition—that he possessed or used a computer with internet access without the Probation Office's permission and failed to answer the inquiries truthfully—he did not explicitly admit the allegations in the petition stating that data consistent with child pornography was found on one of his computers, and the government did not present additional evidence supporting those allegations. Also, in response to the government's statement that it could not yet prove a new offense, the court stated "Circumstantially, it's certainly there," and later added "[I]t would appear to me

6

without too much doubt that this case isn't going to end with this revocation."

However, the district court did not state that the imposed sentence was premised on

the fact that he had committed such an offense.  It is evident that following

Singleton's admission that he had violated the terms of his supervised release, the

district court based its sentence upon consideration of the applicable guideline

range as well as Singleton's history and characteristics.

Furthermore, even if the district court based Singleton's sentence in part on

an unproven allegation, he has not met his burden of establishing that the court

committed plain error under the facts presented here.  In particular, he has not

cited, nor are we aware of, any binding precedent holding that, where a defendant

admits the violations alleged in a revocation petition, and does not object to any of

the factual allegations in the petition, the district court commits reversible error by

basing a revocation sentence, in part, on those unobjected-to allegations.[1]  *See*

*Lejarde-Rada*, 319 F.3d at 1291; *cf. United States v. Bennett*, 472 F.3d 825, 833–

34 (11th Cir. 2006) (per curiam) (explaining that the failure to object to factual

allegations in a presentence investigation report admits those facts for sentencing

purposes).  Accordingly, we affirm Singleton's sentence.

---

[1] Appellant cites one unpublished decision in which this court vacated and remanded a release-revocation sentence on the ground that the district court had based the sentence on the government's unproven allegation that the defendant had attempted to commit an offense similar to the one for which he previously had been convicted.  *See United States v. Lazo-Martinez*, 460 F.App'x 879, 883 (11th Cir. 2012) (per curiam).  However, in *Lazo-Martinez*, the defendant, unlike Singleton, objected to the erroneous finding of the district court, and the district court gave very few justifications for the post-revocation sentence that it imposed.  *See id.* at 881.

**AFFIRMED.**